Kellett & Bartholow PLLC
Megan F. Clontz
TX Bar No. 24069703
11300 N. Central Expy., Suite 301
Dallas, TX 75243
Tel. 214.696.9000
Fax 214.696.9001
megan@kblawtx.com

ATTORNEY FOR DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 12-42654-R |
| SHARON IRIS SHARP | § | |
| XXX-XX-8899 | § | |
| 1033 EVERETT AVENUE | § | |
| APARTMENT 11 | § | |
| LOUISVILLE KY 40204 | § | |
| | § | CHAPTER 13 |
| DEBTOR | § | |

**DEBTOR'S MOTION TO RECONSIDER**
**PROOF OF CLAIM NO. 6 PURSUANT TO 11 U.S.C. § 502(j)**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION / OBJECTION / APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Sharon Sharp, Debtor and files this her Motion to Reconsider Proof of Claim No. 6 pursuant to 11 U.S.C. § 502(j), and respectfully shows the Court the following:

1. On May 31, 2013, the Court confirmed Debtor's Chapter 13 plan. The Court's confirmation order provided that Debtor's creditors' claims would be allowed and paid pursuant to the Trustee's Recommendation Concerning Claims ("TRCC") procedure, as set forth in Local Rule 3015.

2. Debtor's confirmed Chapter 13 plan provides that Debtor's general unsecured creditors will receive a pro-rata share of $14,078.73 to the allowed unsecured claims, and the amount Debtor could be required to pay toward allowed unsecured claims may be increased in the event that Debtor experiences a material change in circumstances resulting in an increase in post-petition income.

3. On May 5, 2013, the Chapter 13 Trustee filed its TRCC, which contained no objection to and proposed to allow the Defendants' Proof of Claim No. 6 as filed.

4. Upon information and belief, the Trustee conducted no meaningful review of Proof of Claim No. 6 prior to filing the TRCC.

5. Debtor did not file an objection to the TRCC or to Proof of Claim No. 6.

6. To date, the Chapter 13 Trustee has disbursed funds toward payment of Proof of Claim No. 6, in the amount of $347.78.

7. On June 12, 2014, the Court entered an order on the TRCC allowing all of the filed claims in Debtor's bankruptcy case, including Proof of Claim No. 6.

8. The order allowing Proof of Claim No. 6 pursuant to the unopposed TRCC is tantamount to a default judgment.

9. A review of Proof of Claim No. 6 reveals that the creditor, InSolve Recovery, LLC c/o Capital Recovery Group LLC ("InSolve") failed to attach redacted copies of any documents to show the debt exists and/or a lien secures the debt, as set forth in the Instructions for Proof of Claim Form, Item No. 7, or, in the absence of documents, an explanation of why they are not available.

10. A review of Proof of Claim No. 6 reveals that the creditor, InSolve, filed their Rule 3001(a) Proof of Claim, but failed to file the 3001(c)(3)(A)(i-v) Supporting Information for open-ended or revolving consumer credit agreements.

11. Without the required supporting information under 3001(c)(3)(A)(i-v), Debtor has no evidence of the timeliness or validity of the amount claimed on Proof of Claim No. 6

12. Based on the totality of the circumstances, including the equities of the case and the uncontested/default nature of the order, and the failure of the creditor to file the required supporting information necessary for the Debtor to determine the validity and timeliness of the claim, allowing Defendants' Proof of Claim No. 6, pursuant to 11 U.S.C. § 502(j) and Rule 3008 of the Federal Rules of Civil Procedure, cause exists to reconsider Proof of Claim No. 6.

13. No legitimate creditor of the Debtor would be harmed by reconsideration of Proof of Claim No. 6.

14. Insolve would not be unfairly prejudiced by reconsideration of Proof of Claim No. 6 because InSolve knew Claim No. 6 was unenforceable against debtor without the required documents listed above. As such, InSolve never had any reasonable expectation that their claim would be properly allowed and paid in connection with Debtor's Chapter 13 bankruptcy case.

15. Accordingly, the Court should reconsider its Order allowing Proof of Claim No. 6 pursuant to the TRCC, and sustain Debtor's objection to Proof of Claim No. 6 on the basis that the

underlying debt is unenforceable against the Debtor due to the failure to file the required 3001(c)(3)(A)(i-v) information.

WHEREFORE, PREMISES CONSIDERED, Debtor Sharon Iris Sharp prays for an order of this Court reconsidering allowance of Claim No. 6 to the extent stated above; and for such other and further relief as the Court deems just and proper.

This 19th day of July, 2016.

Respectfully submitted,

KELLETT & BARTHOLOW PLLC

*Megan F. Clontz*
Megan F. Clontz
Texas Bar No. 24069703
Theodore O. Bartholow, III ("Thad")
Texas Bar No. 24062602
Karen L. Kellett
Texas Bar No. 11199520
Caitlyn N. Wells
Texas Bar No. 24070635
11300 N. Central Expy., Suite 301
Dallas, Texas 75243
Tel: (214) 696-9000
Fax: (214) 696-9001
megan@kblawtx.com

**ATTORNEYS FOR
SHARON IRIS SHARP**

# **CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of the attached Debtor's Motion to Reconsider Proof of Claim No. 6 has been served by mailing a copy of the same to the parties listed below by first class mail for service on July 19, 2016.

                                                           */s/ Megan F. Clontz*
                                                           Megan F. Clontz

Sharon Sharp
1033 Everett Avenue
Apartment 11
Louisville, KY 40204

Standing Chapter 13 Trustee
Carey D. Ebert
PO Box 941166
Plano, TX 75094-1166

U.S. Trustee
110 North College Avenue, Room 300
Tyler, TX 75702

InSolve Recovery, LLC
c/o Capital Recovery Group, LLC
PO Box 123203
Dallas TX 75312-3203